UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| B. RILEY FBR, INC., | Case No. 18-CV-2318 (NEB/BRT) |
| Plaintiff, | |
| v. | ORDER |
| THOMAS M. CLARKE, | |
| Defendant. | |

On May 4, 2020, the Court heard argument on B. Riley FBR, Inc.'s ("B. Riley") motion to compel non-party Mesabi Metallics Company LLC's ("Mesabi") to testify and produce documents pursuant to a subpoena. (ECF Nos. 111, 114-7.) At the close of the hearing, after balancing the relevance of the requested documents and testimony against the burden to Mesabi, the Court indicated that it would order Mesabi to produce documents responsive to the subpoena, and that it would not order Mesabi to produce a deposition witness. Based on the Court's suggestion, the parties agreed to meet and discuss the narrow issue of what search terms Mesabi would use to search its database for documents responsive to B. Riley's document subpoena. On May 11, 2020, via emails to the Court, the parties stated that they have now reached an impasse on the issue of which entity should bear the costs of the database search. For the reasons that follow, the

Court will determine the proper cost allocation upon a proper motion after the documents have been produced.

The parties disagree on the narrow issue of how to allocate the costs associated with Mesabi's search of its existing document database for the term "Clarke." Mesabi argues B. Riley should compensate it for the search because the search imposes a significant expense on Mesabi within the meaning of Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure. According to Mesabi, a search of the database for the word "Clarke" results in approximately 7,500 documents with approximately 37,000 total pages. Mesabi estimates that reviewing the documents from the search may exceed $20,000. B. Riley argues that it should not be required to compensate Mesabi for the expense.

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas to obtain discovery from non-parties. *See* Fed. R. Civ. P. 45. Rule 45 requires a court enforcing a document subpoena over a non-party's timely-filed objection to protect the non-party from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). If it finds that compliance would impose significant expense on the non-party, Rule 45(d)(2)(B)(ii) requires the court to shift the costs of compliance. *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017) (quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)). Whether a subpoena imposes

significant expense on a non-party depends on the "circumstances of a particular case." *Id.* (quoting *United States v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014)).

Although the Rule requires a court to protect the non-party from significant expense, "[a] non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (denying a request for costs of complying with a subpoena where the non-party was "not a classic disinterested non-party" and offered no "basis for determining the reasonable costs for compliance with the subpoena"); *Honda Lease Trust v. Middlesex Mut. Assur. Co.*, No. 3:05-CV-1426 (RNC), 2008 WL 349239, at *5 (D. Conn. Feb. 6, 2008) ("Typically, a non-party is required to absorb the costs of complying with a subpoena duces tecum. Generally, reimbursement only occurs where the costs are great or the document demand unreasonably broad.") (quoting *Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 99–MC–0036E, 2002 WL 1020777, at *4 (W.D.N.Y. Feb. 25, 2002)).

Here, the cost of production is uncertain. Although Mesabi has informed the Court that it estimates that the cost of production will exceed $20,000, it has provided no affidavit or other signed or sworn statements to that effect.[1] In its email, Mesabi cites to

---

[1] Mesabi indicates the $20,000 figure is based on its production of documents related to three search terms: B. Riley, Rosen, and Clarke. It does not object to searching for documents related to B. Riley or Rosen. Mesabi has not provided a separate estimated cost for searching and producing documents under the search term "Clarke." This failure simply adds to the uncertainty of determining costs.

*Cahoo v. SAS Inst. Inc.*, 377 F. Supp. 3d 769 (E.D. Mich. 2019) for the proposition that $20,000 is a significant expense that requires cost shifting under Rule 45. The Court agrees that *Cahoo* is instructive. In *Cahoo*, the parties could not reach an agreement on the cost of complying with the subpoena. *Id.* at 776. Without a firm estimate of the cost of producing the materials, the court would not allocate the expenses of production, but it also would not allow the absence of a firm estimate delay the production of the documents. *Id.* at 778. The court ordered that the parties share in the cost of production but declined to make a final allocation until the costs were determined. *Id.*

The reasoning of the *Cahoo* court is consistent with the advisory committee notes on Rule 45, which provide that a court "is not required to fix the costs in advance of production . . . . In some instances, it may be preferable to leave uncertain costs to be determined after the materials have been produced, provided the risk of uncertainty is fully disclosed to the discovering party." Fed. R. Civ. P. 45, advisory committee's note to 1991 amendment. The Court finds that this is an instance where it is preferable to leave its determination of costs until the materials have been produced. Without a firm estimate of the costs of compliance, the Court will not shift the cost. It will also not allow this dispute to delay the production of documents.

**IT IS HEREBY ORDERED:**

1. B. Riley's Motion to Compel (ECF No. 111) is GRANTED IN PART AND DENIED IN PART;

    a. B. Riley's motion to compel documents responsive to Document Requests Nos. 1-7 (ECF No. 114-7 at 10–18) is GRANTED in part. Mesabi is ordered to produce responsive documents after using three search terms: B Riley (and misspellings thereof), Rosen, and Clarke;

    b. B. Riley's Motion to compel compliance with the deposition subpoena (ECF No. 114-7 at 3–9) is DENIED; and

2. If Mesabi incurs significant cost in searching for the term "Clarke" and responding to the document subpoena, it may make an appropriate motion for recovery of costs.

Dated: May 13, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge